**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Theresa Bosco, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 C 2199 |
| ) | |
| Northstar Location Services, LLC, a ) | |
| New York limited liability company, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Theresa Bosco, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Theresa Bosco ("Bosco"), is a citizen of the State of New York from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by counsel and had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

4.  Defendant, Northstar Location Services, LLC ("Northstar"), is a New York limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Northstar operates a nationwide collection agency and collects debts from consumers in virtually every state, including the State of Illinois. Moreover, Northstar was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.  Defendant Northstar is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit A. In fact, Northstar conducts business in Illinois.

6.  Defendant Northstar is licensed to act as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Northstar acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7.  Ms. Bosco is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a credit card debt owed for a Barclays/Juniper credit card. When Barclays/Juniper began trying to collect this debt from Ms. Bosco, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Northstar's collection actions.

8.  Ms. Bosco's LASPD attorneys informed Juniper/Barclays that she was represented by counsel and that communications and collections had to cease.

Nonetheless, despite the account being noted as such by Juniper/Barclays, when the account was turned over to Defendant Northstar for collection, it sent two collection letters, dated January 5, 2010 and January 18, 2010, directly to Ms. Bosco. Copies of these letters are attached as Exhibits C and D, respectively.

9. Accordingly, on January 20, 2010, one of Ms. Bosco's attorneys at LASPD reminded Defendant Northstar, in writing, that Ms. Bosco was represented by counsel, and that it had to cease contacting her, and to cease all further collection actions because Ms. Bosco was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit E.

10. Nonetheless, Defendant Northstar sent Ms. Bosco, in care of her LASPD attorneys, a letter dated February 22, 2010, which continued to demand payment of the Barclays/Juniper debt. A copy of this letter is attached as Exhibit F.

11. Thus, on March 19, 2010, Ms. Bosco's LASPD attorney had to send Defendant Northstar another letter to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

12. Ignoring the letters from LASPD, in which Ms. Bosco refused to pay the Barclay/Juniper's debt, Defendant Northstar sent Ms. Bosco, in care of her LASPD attorneys, yet another letter dated March 23, 2010, which continued to demand payment of the Barclays/Juniper debt. A copy of this letter is attached as Exhibit H.

13. All of Defendant Northstar's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant Northstar's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, Defendant Northstar knew from Juniper Bank/Barclay's records and the letter from LASPD that Ms. Bosco had demanded that communications and collections cease. By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

18. Defendant's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendant knew that Ms. Bosco was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant's client, in writing, that she was represented by counsel, and had demanded a cessation of communications with Ms. Bosco. By directly sending Ms. Bosco collection letters, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

22. Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k

## PRAYER FOR RELIEF

Plaintiff, Theresa Bosco, prays that this Court:

1. Find that Defendant Northstar's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, Bosco, and against Defendant Northstar, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Theresa Bosco, demands trial by jury.

Theresa Bosco,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 9, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6